## *PRELIMINARY PRINT*

## VOLUME 601 U. S. PART 1
### PAGES 205–208

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

MARCH 15, 2024

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published. Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D.C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

## O'CONNOR-RATCLIFF ET AL. *v.* GARNIER ET UX.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 22–324.   Argued October 31, 2023—Decided March 15, 2024

Petitioners Michelle O'Connor-Ratcliff and T. J. Zane created public social-media pages to promote their campaigns for election to the Poway Unified School District (PUSD) Board of Trustees.  After they won, the Trustees noted their official positions on their pages, and used their pages to post PUSD-related content and to solicit feedback and communicate with constituents.  Respondents Christopher and Kimberly Garnier, who have children attending PUSD schools, began posting lengthy and repetitive comments on the Trustees' public pages.  The Trustees initially deleted the Garniers' comments before blocking them from commenting altogether.  The Garniers sued the Trustees pursuant to 42 U. S. C. § 1983, alleging a violation of their First Amendment rights.  As relevant here, the District Court allowed the case to proceed because the Trustees acted "under color of" state law for purposes of § 1983 when they blocked the Garniers.  The Ninth Circuit affirmed, holding that § 1983's state-action requirement was satisfied because the official "appearance and content" of the Trustees' pages established a "close nexus between the Trustees' use of their social media pages and their official positions."  41 F. 4th 1158, 1170–1171.

*Held*: Because the Ninth Circuit's approach to § 1983's state-action requirement differs from the one the Court elaborates today in *Lindke* v. *Freed*, 601 U. S. 187, the judgment below is vacated and the case remanded.

41 F. 4th 1158, vacated and remanded.

*Hashim M. Mooppan* argued the cause for petitioners. With him on the briefs were *Daniel R. Shinoff* and *Jack M. Sleeth, Jr.*

*Sopan Joshi* argued the cause for the United States as *amicus curiae* urging reversal.   With him on the brief were *Solicitor General Prelogar, Principal Deputy Assistant Attorney General Boynton, Deputy Solicitor General Gannon,* and *Daniel Tenny.*

*Pamela S. Karlan* argued the cause for respondents. With her on the brief were *Cory J. Briggs*, *Easha Anand*, and *Jeffrey L. Fisher*.*

PER CURIAM.

In 2014, Michelle O'Connor-Ratcliff and T. J. Zane created public Facebook pages to promote their campaigns for election to the Poway Unified School District (PUSD) Board of

---

*Briefs of *amici curiae* urging reversal were filed for the State of Tennessee et al. by *Jonathan Skrmetti*, Attorney General of Tennessee, *Andrée S. Blumstein*, Solicitor General, *J. Matthew Rice*, Associate Solicitor General, and *Gabriel Krimm* and *Philip Hammersley*, Assistant Solicitors General, and by the Attorneys General for their respective States as follows: *Steve Marshall* of Alabama, *Tim Griffin* of Arkansas, *Phil Weiser* of Colorado, *Raúl R. Labrador* of Idaho, *Theodore E. Rokita* of Indiana, *Brenna Bird* of Iowa, *Dana Nessel* of Michigan, *Lynn Fitch* of Mississippi, *Austin Knudsen* of Montana, *Michael T. Hilgers* of Nebraska, *Drew Wrigley* of North Dakota, *Ellen F. Rosenblum* of Oregon, *Michelle A. Henry* of Pennsylvania, *Alan Wilson* of South Carolina, and *Marty J. Jackley* of South Dakota; for the State of Texas by *John Scott*, Provisional Attorney General, *Lanora C. Pettit*, Principal Deputy Solicitor General, *William F. Cole*, Assistant Solicitor General, and *Brent Webster*, First Assistant Attorney General; for the California School Boards Association by *Peter K. Fagen*, *Christopher D. Keeler*, *Gretchen M. Shipley*, and *Lynn M. Beekman*; and for the NRSC by *Michael E. Toner*, *Brandis L. Zehr*, *Jeremy J. Broggi*, and *Ryan G. Dollar*.

Briefs of *amici curiae* urging affirmance were filed for American Atheists, Inc., by *Geoffrey T. Blackwell*; for the American Civil Liberties Union Foundation et al. by *David D. Cole*, *Vera Eidelman*, and *Esha Bhandari*; for the Foundation for Individual Rights and Expression by *Robert Corn-Revere*; for the Manhattan Institute by *John J. Bursch*, *Ryan L. Bangert*, *Jeremy D. Tedesco*, *Christopher P. Schandevel*, *Ilya Shapiro*, *Cortney C. Thomas*, *Brian E. Robison*, and *Russell T. Brown*; and for Protect the First Foundation by *Gene C. Schaerr*, *Erik S. Jaffe*, *H. Christopher Bartolomucci*, and *Hannah C. Smith*.

Briefs of *amici curiae* were filed for the Electronic Frontier Foundation et al. by *David Greene* and *Sophia Cope*; for First Amendment Clinics et al. by *Gregg P. Leslie*, *Sarah Ludington*, *Lena Shapiro*, and *Jennifer Safstrom*; for the Local Government Legal Center et al. by *Caroline P. Mackie* and *Robert E. Hagemann*; and for NetChoice et al. by *David M. Gossett*, *Ambika Kumar*, *Adam S. Sieff*, *Carl M. Szabo*, *Matthew C. Schruers*, and *Alexandra J. Sternburg*.

Per Curiam

Trustees.   While O'Connor-Ratcliff and Zane (whom we will call the Trustees) both had personal Facebook pages that they shared with friends and family, they used their public pages for campaigning and issues related to PUSD.   After they won election, the Trustees continued to use their public pages to post PUSD-related content, including board-meeting recaps, application solicitations for board positions, local budget plans and surveys, and public safety updates. They also used their pages to solicit feedback and communicate with constituents.   Their Facebook pages described them as "Government Official[s]" and noted their official positions.   O'Connor-Ratcliff also created a public Twitter page, which she used in much the same way.

Christopher and Kimberly Garnier, who have children attending PUSD schools, often criticized the board of trustees. They began posting lengthy and repetitive comments on the Trustees' social-media posts—for instance, nearly identical comments on 42 separate posts on O'Connor-Ratcliff's Facebook page and 226 identical replies within a 10-minute span to every tweet on her Twitter feed.   The Trustees initially deleted the Garniers' comments before blocking them from commenting altogether.

The Garniers sued the Trustees under 42 U. S. C. § 1983, seeking damages and declaratory and injunctive relief for the alleged violation of their First Amendment rights.   At summary judgment, the District Court granted the Trustees qualified immunity as to the damages claims but allowed the case to proceed on the merits on the ground that the Trustees acted "under color of" state law when they blocked the Garniers.   § 1983.

The Ninth Circuit affirmed.   It held that § 1983's state-action requirement was satisfied because there was a "close nexus between the Trustees' use of their social media pages and their official positions."   41 F. 4th 1158, 1170 (2022).   The court cited its own state-action precedent, which holds that an off-duty state employee acts under color of law if she (1) "purports to or pretends to act under color of law"; (2) her

"pretense of acting in the performance of [her] duties had the purpose and effect of influencing the behavior of others"; and (3) the "harm inflicted on plaintiff related in some meaningful way either to the officer's governmental status or to the performance of [her] duties."   *Ibid.* (citing *Naffe* v. *Frey,* 789 F. 3d 1030, 1037 (CA9 2015); internal quotation marks and alterations omitted).   Applying that framework, the court found state action based largely on the official "appearance and content" of the Trustees' pages.   41 F. 4th, at 1171.

We granted certiorari in this case and in *Lindke* v. *Freed,* 601 U. S. 187 (2024), to resolve a Circuit split about how to identify state action in the context of public officials using social media.   598 U. S. —— (2023).   Because the approach that the Ninth Circuit applied is different from the one we have elaborated in *Lindke,* we vacate the judgment below and remand the case to the Ninth Circuit for further proceedings consistent with our opinion in that case.

*It is so ordered.*

## Reporter's Note

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports. The revised pagination makes available the official United States Reports citation in advance of publication. The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court. A list of counsel who argued or filed briefs in this case, and who were members of the bar of this Court at the time this case was argued, has been inserted following the syllabus. Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation. The following additional edits were made:

None